78-14 Roosevelt, LLC, Appellant, 
against
Hamilton-Madison House, Inc., Respondent.




Charles E. Boulbol, P.C. (Charles E. Boulbol of counsel), for appellant.
Wilson, Elsner, Moskowitz, Edelman & Dicker, LLP (Patrick J. Lawless of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Donna Marie Golia, J.), entered May 27, 2016. The order granted tenant's motion to, in effect, modify a restraining notice issued pursuant to CPLR 5222 and CCA 1508 in a nonpayment summary proceeding.




ORDERED that the order is affirmed, without costs.
The parties to this commercial nonpayment proceeding entered into a stipulation of settlement dated October 15, 2012, pursuant to which a final judgment awarding landlord possession and the sum of $136,528.05 was entered, and a warrant of eviction was issued and stayed. A schedule of payments was agreed to, which included specific payments that were to be allocated to the payment of the final judgment and specific payments that were to be allocated to the payment of accruing rent and additional rent. After making several payments on or before August 6, 2013, tenant defaulted, and landlord served a notice of default dated December 9, 2013. Landlord then executed the warrant and served a restraining notice in furtherance of enforcing the money judgment, which notice stated that the entire judgment remained unpaid. Tenant moved to, in effect, modify the restraining notice pursuant to CPLR 5222 and CCA 1508 to account for payments it had previously made, incorrectly denominating the motion as seeking injunctive relief. The Civil Court granted tenant's motion, finding that the current outstanding principal balance on the money judgment was $53,337.23, plus $13,020.13 in interest, and directed the marshal to modify the restraining notice accordingly.
At the outset, we note that, notwithstanding landlord's contentions regarding jurisdiction, the Civil Court has statutory authority to modify a restraining notice (see CPLR 5221 [a] [3]; 5240; CCA 1508 [a]; see also Brown v Wilson, 51 Misc 3d 145[A], 2016 NY Slip Op 50735[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Landlord alleges that, under the stipulation, tenant was obligated to make certain rent [*2]payments and certain judgment payments between October 15, 2012 and December 9, 2013, and that, as of December 9, 2013, there was a shortfall against current rent for that period. Thus, while landlord's papers admit receipt of a series of payments, it argues that, because of the shortfall, tenant is not entitled to any credit against the judgment amount. However, it is clear that, through and including March 4, 2013, tenant had made all three scheduled final judgment payments and all five scheduled rent payments in substantial compliance with the stipulation. Tenant's acting executive director explained, and it can be confirmed by referring to the stipulation, that, upon tenant's payments in May, July and August of 2013, all of the then-accrued rent had been paid. Indeed, after $62,796.31 of tenant's last payment of $75,257.78 on August 6, 2013 had been applied to current rent, the balance of $12,461.47 should have been applied to the final judgment. While landlord relies on language from the stipulation which provides that payments received by landlord "shall first be applied to the payment of current rent and additional rent and then to the payment of the Arrears," we agree with the Civil Court's determination that landlord's interpretation of the "current rent clause" is contrary to the plain text of the stipulation, since the stipulation clearly states the purpose of each scheduled payment, with some being specifically earmarked for arrears paydown and some for current rent. 
We reject landlord's arguments that tenant had been permitted to occupy the subject premises rent-free since it did not pay any rent after August 6, 2013 and that tenant has been relieved of the consequences of defaulting under the stipulation. Landlord's remedy for the recovery of unpaid rent is to commence a plenary action, and the record reflects that landlord has commenced such an action. Finally, the specific consequence for a default contemplated by the stipulation was that the warrant would be executed, and the record reflects that tenant has been evicted.
Accordingly, the order is affirmed. 
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 23, 2018